101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Carey D. JACKSON and Rodney A. Jackson, Defendants-Appellant.
 Nos. 95-1632(L), 95-1635.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANT, Jeffrey G. Pittell, Maher & C.D. JACKSON: Pittell, Great Neck, NY
 APPEARING FOR APPELLANT, David A. Lewis, The Legal Aid R.A. JACKSON: Society, Federal Defender Division, Appeals Bureau, New York, NY
 APPEARING FOR APPELLEE: Ilene Jaroslaw, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Before CARDAMONE, ALTIMARI, and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel for appellants and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the District Court are hereby AFFIRMED.
 
 
 3
 Carey Jackson and Rodney Jackson appeal from judgments entered on November 1, 1995, following a jury trial, convicting them of conspiracy to defraud the U.S. Government in violation of 18 U.S.C. § 286 (Medicare fraud). Both defendants were sentenced primarily to thirty-three months imprisonment.
 
 
 4
 At trial, the Government set out the following case:
 
 
 5
 Carey and Rodney Jackson conspired to submit fraudulent Medicare claims to obtain payment for durable medical equipment for elderly residents of two housing developments in Newark, New Jersey. The defendants set up a series of health fairs at which they would persuade residents to obtain medical equipment that they claimed was free under Medicare. Medicare normally requires a 20% co-payment from the recipient of the equipment (the beneficiary). Medicare also requires a doctor who has examined the potential beneficiary to certify that the equipment is medically necessary. Because the defendants proffered the equipment as free, some of the residents accepted the equipment even though no doctor had examined them to determine necessity. Some of the residents did not even have the medical conditions for which the equipment is designed.
 
 
 6
 The defendants falsely submitted the forms authorizing the equipment as medically necessary. Twelve residents stated that they had never met the doctor, Dr. Nokuzola Ntshona, whose name appears on those forms. The defendants made post-arrest statements that they compensated Dr. Ntshona for providing her signature. In sum, the Medicare claims were fraudulent in that the durable medical equipment was not medically necessary, not medically authorized, and/or not provided to the residents.
 
 
 7
 On appeal, both defendants argue that the district court abused its discretion in admitting into evidence Government Exhibit 91, a sheet of paper found at Carey Jackson's home containing multiple signatures in the name of Dr. Ntshona, on the ground that it was unfairly prejudicial. Carey Jackson makes two additional claims: that the evidence at trial was legally insufficient to support his conviction; and that the district court abused its discretion in permitting a Government witness, Agent Eisengrein, to make legal conclusions during his testimony.
 
 
 8
 The defendants claim that Exhibit 91 was more prejudicial than probative, thereby violating Rule 403 of the Federal Rules of Evidence. We find no abuse of discretion in admitting the exhibit. The exhibit was probative in that it supported an inference that one of the defendants was practicing forging Dr. Ntshona's signature, so that the defendants would not have to pay her for her signatures and could sign the forms themselves. The exhibit was not unfairly prejudicial. The Government made very limited use of the exhibit--one question to a witness, and five sentences on rebuttal summation. Even if there were error in admitting Exhibit 91, it was harmless. There was ample other evidence to support the conviction.
 
 
 9
 We find no basis for Carey Jackson's claim that the evidence at trial was insufficient. In reviewing for sufficiency of evidence, we must merely find that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A "defendant's knowledge of the conspiracy and his participation in it with criminal intent may be established through circumstantial evidence." United States v. Gordon, 987 F.2d 902, 906-07 (2d Cir.1993). Here there was a great volume of circumstantial evidence--including the testimony of the staff of the housing developments and of a dozen residents (none of whom were ever examined by Dr. Ntshona), the preprinted certificates found in Carey Jackson's basement, and the defendants' own post-arrest statements.
 
 
 10
 We also find no basis for Carey Jackson's claim that Agent Eisengrein offered legal conclusions when testifying. The district court gave a careful and detailed limiting instruction explaining the difference between the factual and legal use of the terms at issue--"medically authorized" and "medically necessary." There was no objection to the instruction, nor was there any objection to Agent Eisengrein's testimony using these terms. Pursuant to Federal Rule of Criminal Procedure 52(b), we find no plain error.
 
 
 11
 Accordingly, we affirm the judgments of conviction of the district court.